**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNSON NAPITULPULU,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | Nos. 13-71873<br> 14-71291<br><br>Agency No. A095-634-743<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017[**]

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Johnson Napitulpulu, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' ("BIA") orders denying his motions to

reopen removal proceedings based on changed country conditions (No. 13-71873)

and based on ineffective assistance of counsel (No. 14-71291). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petitions for review.

As to No. 13-71873, the BIA did not abuse its discretion in denying Napitulpulu's motion to reopen where it was filed more than five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Napitulpulu failed to establish prima facie eligibility for the relief he sought, *see Toufighi*, 538 F.3d at 996 (the BIA may deny a motion to reopen based on changed country conditions for failure to establish a prima case); *Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) (even under disfavored group analysis, petitioner must present some evidence of individualized risk).

As to No. 14-71291, the BIA did not abuse its discretion in denying Napitulpulu's motion to reopen based on ineffective assistance of counsel where it was filed more than six years after the BIA's final order and was numerically-barred, *see* 8 C.F.R. § 1003.2(c)(2), and where Napitupulu failed to demonstrate that he acted with the due diligence required to warrant equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling of time and numerical limitations on motions to reopen available where petitioner is prevented from filing due to deception, fraud or error, and exercises due diligence).

**PETITIONS FOR REVIEW DENIED.**